MORGAN v. LLOYDS BUILDERS INC.

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—SUBSEQUENT DEVELOPMENT—ADDITIONAL COMPENSATION.

An injured employee who once complies with the statutory requirement as to giving his employer notice of an accidental injury and receives workmen's compensation therefor is not required to give the employer notice of the further development from the same injury in order to be entitled to additional workmen's compensation for such injury (CL 1948, § 412.15).

2. SAME—LOSS OF EYE—SPECIFIC LOSS—NO DEDUCTION FOR PREVIOUS COMPENSATION PAYMENTS.

Plaintiff employee who received an accidental injury to his right eye and received workmen's compensation for a total of 6 weeks and over 2 years after the subsequent loss of the sight thereof filed an application for the loss of sight of such eye was entitled to workmen's compensation for 150 weeks without deduction for compensation heretofore paid for loss of time or employment, since he is entitled to compensation for specific loss of an eye (CL 1948, § 412.10).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 375 et seq.
[1] Requirement of workmen's compensation act as to notice of accident or injury.  78 ALR 1232; 92 ALR 505; 107 ALR 815; 145 ALR 1263.
[2] 58 Am Jur, Workmen's Compensation §§ 296, 299.
[2] Computation of compensation as affected by compensation allowed for previous injury.  96 ALR 1080.
[2] Compensation for loss or impairment of eyesight.  8 ALR 1324; 24 ALR 1466; 73 ALR 706; 99 ALR 1498; 142 ALR 822.

Appeal from Workmen's Compensation Commission. Submitted October 11, 1955. (Docket No. 65, Calendar No. 46,331.) Decided December 28, 1955.

B. O. Morgan presented his claim against Lloyds Builders Inc., employer, and Continental Casualty Company, insurer, for specific compensation for loss of eye. Award to plaintiff on basis of further compensation with time limitations imposed and with credit given for earlier disability payments. Plaintiff appeals. Reversed in part to provide for specific compensation and remanded.

*L. W. Beardsley* (*Russell W. Conroy,* of counsel), for plaintiff.

*Dwight W. Fistler,* for defendants.

REID, J. Plaintiff who was an employee of defendant Lloyds Builders Inc., appeals on leave granted and in the nature of certiorari from an order of the workmen's compensation commission dated August 17, 1954, "That the award of the deputy commissioner be and it is hereby modified and that the plaintiff shall be paid by the defendants, compensation for total disability of $21 per week from January 15, 1948 to January 31, 1948 and from December 13, 1948 to January 11, 1949 and for the specific loss of the right eye at the rate of $26 per week from July 29, 1952 until further order of the commission, but not to exceed 150 weeks from May 9, 1951, defendants to have credit for compensation voluntarily paid."

Defendant employer states as the sole question involved the following: Should the claim of plaintiff for compensation be denied for failure to give notice to the employer required by part 2, § 15 of

the workmen's compensation act? Defendant says it should be denied.

Plaintiff was employed as a carpenter by Lloyds Builders Inc., defendant. On January 14, 1948, while working at his employment, he was pulling a nail backwards when a piece of nail broke off, striking him in the right eye. Plaintiff seasonably notified his employer of his injury. After considerable treatment the foreign body was surgically removed from his eye at the University hospital at Ann Arbor. He was paid weekly disability workmen's compensation at the rate of $26 a week from January 15, 1948 to January 31, 1948, and, also, from December 13, 1948 to January 11, 1949. Subsequently difficulty developed in the right eye in 1951 for which he was treated by doctors, which resulted in loss of vision in the said right eye, May 9, 1951.

Plaintiff filed application for hearing and adjustment of claim dated July 28, 1953, with the workmen's compensation commission. Defendant Lloyds Builders Inc., claims it was not given notice of the loss of sight. The commission appropriately notified defendant of the hearing, in which hearing defendant Lloyds participated.

The facts as found on review by the workmen's compensation commission are as follows:

"Plaintiff was paid compensation voluntarily from January 15, 1948 to January 31, 1948 and from December 13, 1948 to January 11, 1949 and we find the defendant was liable for the compensation paid during these periods.

"Since the petition filed by the plaintiff, dated July 28, 1953, is a petition for the payment of further compensation and we find the loss of vision in the right eye occurred on May 9, 1951, he is entitled to receive compensation at the rate of $26 per week from July 29, 1952 until the further order of the commission, but not to exceed 150 weeks from May

9; 1951. The award of the deputy commissioner is modified to conform with this opinion."

Plaintiff claims compensation for total loss of right eye.

CL 1948, § 413.14 (Stat Ann 1950 Rev § 17.188), is as follows:

"If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application."

CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165) (part 2, § 15 of the act), contains the following:

"In all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 2 years from the date the personal injury was sustained."

Defendants state that part 2, § 15 of the act requires the employee to make his claim for compensation within 6 months after the accident or if no disability is apparent within 6 months, then within 3 months after the disability becomes apparent. Defendants further claim that no notice was given by the doctor of the loss of sight nor by the plaintiff, B. O. Morgan, until a petition was filed with the workmen's compensation commission, July 28, 1953,

and that therefore no notice was given within the statute of limitations and that because of plaintiff's failure to comply with the statute his claim for compensation is barred.

The accidental injury occurred January 14, 1948 but the total loss of the eye was on May 9, 1951, before which time defendant had notice of the accidental injury and had made a basic report in respect to the accidental injury filed February 5, 1948. The statute did not in the instant case require plaintiff to give defendant notice of the further development, the total loss of the eye.

In *Palchak* v. *Murray Corporation of America,* 318 Mich 482 (a case involving facts much like the facts in the instant case), we say at pp 493, 494:

"The case at bar does not involve distinct injuries sustained in an accident, but rather 2 results of a single injury. The department of labor and industry acquired jurisdiction of the case by virtue of the original proceedings taken before it. Such jurisdiction continued for the purpose of further proceedings for compensation as the development of conditions, brought about by the original injury, might require. The statute in question did not impose on the plaintiff the duty of giving notice of such further development nor did it require plaintiff's claim for further compensation based thereon to be presented within a prescribed period, as contended by defendant. The requirements in said section as to notice to the employer, and the limitations with respect to filing claims, did not apply."

We find that the petition entitled, "application for hearing and adjustment of claim," filed by the plaintiff, dated July 28, 1953, is not a petition for further compensation for loss of time or employment, but is a petition for loss of vision in the right eye. Without any deduction for the compensation heretofore paid for loss of time or employment, plaintiff is en-

titled to receive compensation for specific loss of eye, according to CL 1948, § 412.10 (Stat Ann 1947 Cum Supp § 17.160), of $26 per week, for a total of 150 weeks from May 9, 1951. The case is remanded to the commission for amending its award to comply with this decision. Costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.