### KELLEY *v.* NATIONAL COAL & COKE COMPANY.

1. WORKMEN'S COMPENSATION—SERVICE OF NOTICE—INSURANCE.
   Proceeding to recover workmen's compensation is remanded to the workmen's compensation appeal board for determination of whether defendant employer received notice of the claim under department rules, where record shows a discrepancy between referee's statement that there was no record of insurance and record certified by the appeal board that there was insurance, since the question of insurance affects notice procedure (1964–1965 AACS, § R 408.34; 1959 AACS, § R 408.36).

2. COSTS—WORKMEN'S COMPENSATION—NOTICE TO EMPLOYER.
   Costs are ordered to abide the final result, where case is remanded for determination of question of notice to defendant employer of claim for workmen's compensation.

Appeal from Workmen's Compensation Appeal Board. Submitted June 12, 1968. (Calendar No. 10, Docket No. 51,729.) Decided July 20, 1968. Rehearing denied September 25, 1968.

Monroe C. Kelley presented his claim for workmen's compensation against National Coal & Coke

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 375 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 962.

Company. Compensation granted. Application by defendant for leave to appeal to Court of Appeals. Order by Court of Appeals granting leave to appeal and remanding cause to Workmen's Compensation Department. Claimant appeals. Remanded to Workmen's Compensation Appeal Board for further determination.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for plaintiff.

*George E. Ganos* and *Philip A. Gillis,* for defendant.

T. M. KAVANAGH, J.   Plaintiff-appellant filed a petition for hearing dated November 26, 1965, which was received by the workmen's compensation department on November 29, 1965.   The petition alleged that on or about September 28, 1963, the plaintiff sustained a personal injury or disablement from occupational disease, which was caused by driving under hazardous and fatiguing conditions and resulted in disability to his head, back, upper extremities, and aggravation of a diabetic condition.

The petition for hearing, in the space provided for designation of insurance carrier, has the handwritten notation "No Record AP." However, the file contains photostatic copies of letters and notices of issuance of policies from an agent of the insurance carriers. The letter and notice of issuance of policy, which pertain to the Highway Insurance Company's policy, are dated September 17, 1956, and indicate no date of receipt. The letter and notice of issuance of policy, which pertain to the Citizens Casualty Company's policy, are dated March 13, 1963, and are stamped as being received by the workmen's compensation department on March 14, 1963. The letter from Siegel Agency indicating the

expiration date of the Citizens Casualty policy is dated February 26, 1965, and is stamped as being received by the workmen's compensation department on March 1, 1965.

The department's records show three notices of hearings were filed on January 19, February 18, and April 21, 1966, indicating, respectively: first, setting the application for hearing and adjustment of the claim and pretrial conference on February 18; second, postponing the hearing until April 20; third, postponing the hearing until May 19.

The file does not disclose any proof of service on the employer, National Coal & Coke Company, or service on the insurance carriers, Citizens Casualty Company and Highway Insurance Company, by the department or by plaintiff. The notices in the file do not bear a stamp indicating a mailing date as is customary under practices in effect for many years in the workmen's compensation department. The employer failed to answer or appear in response to any of the notices.

Plaintiff and his attorney appeared for the hearing on May 19, 1966. Proofs were taken and at the conclusion of the proofs plaintiff's attorney moved to amend the application in conformity with the proofs to include an injury resulting in loss of vision in the left eye in July, 1957. There being no objection, the referee allowed the amendment.

On June 1, 1966, the referee entered two decisions awarding compensation for the loss of an eye and for total disability. These decisions bear stamps indicating that they were filed with the department on June 13 and were mailed on June 20, 1966, but no proof of service appears in the file.

Under date of September 8, 1966, defendant employer filed a petition for delayed appeal, which was received in the office of the appeal board of the

workmen's compensation department on September 9, 1966.

The file discloses a letter, stamped as being received September 14, 1966, by the workmen's compensation appeal board from the attorney of the insurance carriers, Citizens Casualty Company and Highway Insurance Company, affirming the existence of insurers for the defendant covering the dates of the alleged injury and denying any knowledge or receipt of any notice of the proceedings until after the decisions of the referee were entered.

After answer by plaintiff, the appeal board denied the petition for delayed appeal on October 26, 1966, without stating its reasons or making any additional findings. The order has affixed to it a stamp indicating that copies were mailed October 26, 1966, by the appeal board of the workmen's compensation department.

Defendant filed an application for leave to appeal to the Court of Appeals. The Court of Appeals entered an order dated February 20, 1967, granting the application for leave to appeal. In addition, the order remanded the cause to the workmen's compensation department for hearing on plaintiff's petition and amended petition. No reasons were given in the order for granting leave or remanding the cause.

Plaintiff filed an application for leave to appeal to this Court. Leave was granted June 8, 1967, 379 Mich 765, the order reading:

"On order of the Court, the application for leave to appeal is considered, and the same is hereby granted, limiting the same as to the question of whether notice of the eye injury was timely given or whether the employer had actual notice or knowledge thereof. DETHMERS, C. J., and BRENNAN, J., dissenting."

However, the real question necessary to decision is much broader than the limited issue granted upon leave to appeal. The issue confronting this Court is whether the defendant employer received the proper notice of the proceedings as required by the applicable rules of the administrative code governing workmen's compensation department procedures.

Rule 4, 1964–1965 AACS, § R 408.34, effective September 13, 1965, states in part:

"The department shall thereupon serve the adverse party with a copy of the application, and the adverse party shall file his answer thereto with the department within 15 days after service, and serve a copy of the answer on the party making the application. The department will thereupon notify the parties of the time and place of hearing. * * *
*"Service of all papers under this rule upon employers whose liability under the act is not insured according to the records of the department, or who have not been granted the privilege of self-insurance, shall be by certified mail with a return receipt requested. Filing of the said return receipt shall be prima facie proof of service."* (Emphasis added.)

Rule 6, 1959 AACS, § R 408.36, states:

*"Service of all papers, unless otherwise directed by law, may be made by mail and proof of such mailing will be prima facie evidence of such service. A copy of all petitions and motions, except applications referred to in Rule 4 [1964–1965 AACS, § R 408.34] shall be served by the moving party upon the adverse party. Proof of such service shall be filed with the department."* (Emphasis added.)

These rules were in effect at the time plaintiff filed his petition in November 1965.

Although the referee stated at the hearing that "the department record shows no record of insur-

ance", the record as certified by the appeal board clearly discloses that the employer was *in fact* insured. Further, the appeal board, by receipt of the letter dated September 13, 1966, from the attorney of the insurance carriers, was put on notice that, contrary to the referee's statement, there were insurance carriers for the defendant.

The existence or nonexistence of an insurance carrier clearly affects the notice procedure to be followed under the applicable rules. If the referee's statement was accurate, he was required, pursuant to Rule 4, to serve "all papers under this rule upon employers  *  *  *  by certified mail with a return receipt requested." If the referee's statement was erroneous, he could, pursuant to Rule 6, serve all papers upon the employer by ordinary mail, and this would constitute sufficient notice.

The discrepancy between the referee's statement and his actions gives rise to the question of whether the employer did, in fact, receive proper notice of the proceedings. The appeal board should have determined this question of fact when petitioned by the defendant for delayed appeal. The affidavit in support of the petition for delayed appeal by defendant's attorney attests to the fact that the defendant received "no notice whatsoever relative to the ultimate trial date" or with respect "to this new alleged personal injury". In view of this discrepancy, the appeal board should not have dismissed this affiant's claim of procedural defect but should have proceeded to determine the facts.

We are cognizant of the fact that the department's records show an insurance carrier and could infer that Rule 6 should apply. However, in the case before us we have the same kind of inconclusive and unsatisfactory record as we had in *Pitts* v.

*Admiral Plumbing & Heating Company* (1962), 368 Mich 37, where we held (p 44):

"The record justifies a finding by this Court that the case be remanded to the appeal board for a hearing to determine by competent proof whether notices of hearings were actually given to defendant.

"If, on such proof, it is determined defendant had proper notice, then the appeal board will affirm the present award, since the failure of defendant to present its defenses after proper notice would bar its presentation at this time.

"On determining that no proper notice was given defendant, a new hearing, after proper notice, shall be conducted by the appeal board."

We remand this cause to the workmen's compensation appeal board for a proper determination of the notice question. The appeal board must affirm the award if the proofs indicate that defendant had received proper notice; or grant a new hearing, after proper notice, if the proofs indicate that defendant had not received proper notice.

Costs shall abide the final result.

DETHMERS, C. J., and BLACK, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred.

KELLY, J., took no part in the decision of this case.