ADCOX v. NORTHVILLE LABORATORIES, INC.

DISSENTING OPINION.

T. M. KAVANAGH and ADAMS, JJ.

1. WORKMEN'S COMPENSATION — FURTHER COMPENSATION — 1-YEAR-BACK LIMITATION.

*If payment of compensation is made under the workmen's compensation act and an application for further compensation is filed with the workmen's compensation department, no compensation may be awarded by the department for any period which is more than 1 year prior to the date of the filing of the application (CL 1948, § 413.14).*

2. SAME—INJURY—DISTINCT RESULTS—1-YEAR-BACK LIMITATION.

*The 1-year-back limitation of the workmen's compensation act on further compensation is not applicable to a second compensable disablement where a workman suffers 1 injury with 2 distinct results (CL 1948, § 413.14).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4,5,7] 58 Am Jur, Workmen's Compensation §§ 409, 501.
[3] 58 Am Jur, Workmen's Compensation § 530.
[6] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*; 58 Am Jur, Workmen's Compensation § 543.

3. SAME—FINDINGS OF FACT—APPEAL BOARD.

*It is the duty of the workmen's compensation appeal board, and not the province of the Supreme Court or Court of Appeals, to make findings of fact in workmen's compensation cases even when the facts seem reasonably clear (CL 1948, § 413.12).*

4. SAME—DISABILITY—ASEPTIC NECROSIS—1-YEAR-BACK LIMITATION ON FURTHER COMPENSATION—FINDINGS OF FACT.

*Application of 1-year-back limitation on further compensation in case of plaintiff afflicted with aseptic necrosis depends on finding by workmen's compensation appeal board on remand whether (a) plaintiff's original disablement due to a fractured hip came to an end and plaintiff thereafter suffered a new compensable disablement due to the aseptic necrosis, in which case the limitation would not apply, or (b) plaintiff suffered but a single compensable disablement comprised of both the fractured hip and the resulting aseptic necrosis, in which case the limitation on compensation would apply (CL 1948, § 413.14).*

5. SAME—DISABILITY—NEW OR FURTHER DEVELOPMENT—BURDEN OF PROOF.

*The burden of establishing a new or further development compensable under workmen's compensation act is on the claimant; hence, if workmen's compensation appeal board on remand is unable to find either that the onset of plaintiff's aseptic necrosis was a distinct compensable disablement or that plaintiff's fractured hip and the aseptic necrosis comprised together a single disablement, the award of the referee must be affirmed for failure of claimant to bear the burden of proving a further development (CL 1948, § 413.14).*

6. COSTS—WORKMEN'S COMPENSATION—REMAND.

*Costs are to abide the final result in case remanded to workmen's compensation appeal board for findings of fact in proceedings to recover further compensation for alleged new development of aseptic necrosis following fracture of hip (CL 1948, § 413.14).*

OPINION OF THE COURT.

7. WORKMEN'S COMPENSATION—DISABILITY—FURTHER DEVELOPMENT—BURDEN OF PROOF—1-YEAR-BACK LIMITATION.

Plaintiff's burden of proving further and subsequent development amounting to another disability rather than a continuing disability from a hip fracture is not sustained by testimony

of a medical doctor that plaintiff's 1962 pain and subsequent disability was due to aseptic necrosis, that such necrosis is not an unusual result of a hip fracture such as sustained by plaintiff, and that plaintiff's necrosis was the result of original trauma; thus, plaintiff is barred by statute from recovering workmen's compensation for any period more than 1 year prior to the date of filing application (CL 1948, § 413.14).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and T. G. KAVANAGH, JJ., affirming Workmen's Compensation Appeal Board. Submitted March 6, 1969. (Calendar No. 15, Docket No. 52,021.) Decided April 9, 1969.

11 Mich App 13, affirmed.

Rawleigh R. Adcox presented his claim for compensation against Northville Laboratories, Inc., and Michigan Mutual Liability Company for injuries sustained in the course of his employment. Referee's partial denial of plaintiff's application affirmed by Appeal Board. Affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing & Schneider*, for plaintiff.

*LaVasseur, Werner, Mitseff & Brown*, for defendants.

ADAMS, J. (*dissenting*).

## I. THE FACTS AND PROCEEDINGS.

On February 23, 1961, plaintiff fractured his left hip while in the employ of defendant. Compensation was paid from date of injury until April 30, 1962. It was stopped on defendant's allegation that

plaintiff was able to return to work. About May 1, 1962, plaintiff was released to work by the treating physician but when he attempted to regain employment from the defendant, he was told that work was slow and he was not re-employed.

On September 17, 1965, the workmen's compensation department received a letter from plaintiff. The referee considered the letter to be an application for further compensation. He granted compensation benefits beginning September 17, 1964, but denied plaintiff's claim for benefits from August 1, 1962 to September 17, 1964. Without any finding of facts to support his decision, the opinion of the referee merely states:

"It is further ordered that no compensation is payable prior to September 17, 1964 because of the prohibition of section 14 of part 3 of the workmen's compensation act."

The case was appealed to the workmen's compensation appeal board. That board, after stating the proceedings and plaintiff's testimony, went on in its opinion as follows:

"The question on appeal is limited to plaintiff's entitlement to weekly compensation for the period August 1, 1962 to November 11, 1964. To support the relative positions, counsel argues, in short, as follows:

"Plaintiff—Claimant's physical development as of 8–1–62 of aseptic necrosis is a subsequent or further development amounting to a new disability, ergo, the one-year rule does not apply as plaintiff's application is for compensation other than 'further compensation.'

"Defendant—Plaintiff's condition as of 8–1–62 is nothing more than a normal process of the original injury, plaintiff failed to file timely and therefore the one-year-back rule applies.

"Obviously the referee below looked to the only medical testimony in the record to resolve this argument. Such testimony comes to us via Dr. Lipton, and pertinent parts thereof are set out as follows: * * *

" 'Based on the examination and the X-rays I made a diagnosis of healed fracture left hip with residual traumatic arthritis, aseptic necrosis, limitation of motion, some muscular atrophy and symptoms of pain. * * *

" '*Q.* In this case what caused the aseptic necrosis in your opinion?

" '*A.* The aseptic necrosis arose as the result of the fracture with damage to the blood supply to the head of the bone. The blood supply of the head of the bone is peculiar in that most of it comes from the lateral side, that is, from the main part of the bone coming up through the neck of the bone. And in the fractures the blood supply is torn off and sometimes does not reestablish itself. * * *

" '*A.* Aseptic necrosis never manifests itself at the time of the fracture. It is a condition which develops over a period of time afterwards. * * *

" '*A.* It can also develop as the result of scarring which occurs at the fracture point with stricture of the blood supply. But it is most commonly due to actual tearing of the blood vessels at the time. * * *

" '*Q.* Now these are conditions that progress from the trauma itself?

" '*A.* Well, basically it is the result of the original trauma, yes, sir.

" '*Q.* And the process does not come on spontaneously, does it, it's a developmental type thing as opposed to a spontaneous type thing, is it not?

" '*A.* It is extremely unusual for it to be spontaneous. There have been cases but very unusual.

" '*Q.* Was there anything unusual about Mr. Adcox when you examined him to lead you to believe that this would have been spontaneous?

" '*A.* No, I don't believe so. The man had a fracture and he developed his trouble which is the— which would be what one could expect if the man had complications.'

"In view of the above set-out medical testimony of Dr. Lipton, it is my opinion that the referee was correct in this matter in ultimately concluding that plaintiff had not borne his burden of proving a new or further development which would in effect amount to a new disability. An order should enter affirming the award of the referee below."

Upon appeal to the Court of Appeals, the workmen's compensation appeal board was affirmed. 11 Mich App 13 (1968). In an opinion by Judge J. H. Gillis, joined in by Chief Judge T. John Lesinski, the following independent finding of fact appears (p 16):

"On or about August 1, 1962, plaintiff began experiencing increasingly severe pains in his left hip, which extended the length of his leg. The symptoms were caused by aseptic necrosis of the head of the left femur at the point of insertion in the hip socket."

While the workmen's compensation appeal board stated that plaintiff had testified to this effect, the board looked solely to the medical testimony in making its decision and no fact finding was made by the board. The time when plaintiff suffered disablement due to aseptic necrosis was disputed by defendant. It is the crucial question in this case.

## II. The Law.

Section 14, part 3 of the Michigan workmen's compensation act (CL 1948, § 413.14 [Stat Ann 1960 Rev § 17.188]) provides:

"If payment of compensation is made (other than medical expenses) and an application for further

compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application."

Plaintiff contends that the one-year rule under the above statute does not apply in this case because plaintiff's claim is not for a disability that continuously existed from the date of injury but for a "further or subsequent development."

In *Morgan* v. *Lloyds Builders Inc.* (1955), 344 Mich 524, plaintiff suffered an injury to his right eye on January 14, 1948. Compensation for lost time was paid immediately thereafter. May 9, 1951, plaintiff suffered total loss of vision in the eye as a result of the same injury. Application for hearing and adjustment of claim was filed July 28, 1953. This Court followed the holding in *Palchak* v. *Murray Corporation of America* (1947), 318 Mich 482, a somewhat similar case. In *Palchak* the plaintiff first lost the industrial use of an eye and later the eye underwent degenerative changes resulting in the formation of cysts. The opinion in *Morgan* quotes from *Palchak* as follows:

" 'The statute in question did not impose on the plaintiff the duty of giving notice of such further development nor did it require plaintiff's claim for further compensation based thereon to be presented within a prescribed period, as contended by defendant.' " (p 528.)

*Morgan* and *Palchak* differ from *Lynch* v. *Briggs Manufacturing Co.* (1950), 329 Mich 168. In that case, plaintiff became totally disabled as a steam fitter on March 26, 1946. The disability in his skilled employment continued from that time onward. However, plaintiff was able to work in favored employment. Later, due to injuries not related to his

employment, plaintiff was unable to perform the
favored work.   Plaintiff thereupon filed an applica-
tion for benefits.   They were granted subject to the
one-year-back rule of the statute.   This Court held
that the rule applied because the disability was
continuous from the date of injury.   There had
been no subsequent development.

In *Loucks* v. *Bauman* (1959), 356 Mich 514, plain-
tiff suffered the loss of his left leg on June 20, 1947,
and was paid compensation for a specific loss until
April 20, 1951.   On November 12, 1954, plaintiff
filed an application for compensation benefits for
disability to his right leg, claiming injury to that
leg in the same accident.   The appeal board, in
awarding further compensation, did not apply the
one-year limitation.   Upon appeal to this Court,
a majority of the participating Justices modified
and affirmed.   Chief Justice Dethmers, joined by
Justices Carr and Kelly, wrote in part as follows
(pp 516, 517):

"In the instant case, plaintiff speaks of a further
development, after loss of the left leg, in that the
'increased weight-bearing due to the loss of Louck's
left leg directly contributed to and aggravated the
unstable condition of his right leg.'   The appeal
board made no such finding of fact that the disability
of the right leg was a further development, and there
is no testimony to support such theory in the ap-
pendix.   On the contrary, the appeal board express-
ly found that plaintiff's total disability resulted from
both the amputation of the left leg and the unstable
condition of the right leg which had existed since the
date of his accidental injury on June 20, 1947."

In Justice Edward's concurring opinion, he said
(pp 531, 532):

"I agree with the Chief Justice that the findings
of fact of the appeal board indicate that this was

a claim for further compensation due to another injury which occurred at the same time as the original accident, rather than a subsequent development from the original injury (*cf., Morgan* v. *Lloyds Builders Inc.* [1955], 344 Mich 524) or a change in physical condition after the original adjudication (*cf., White* v. *Michigan Consolidated Gas Co.* [1958], 352 Mich 201)."

*Palchak* held that where a workman suffers one injury but with two distinct results, the workman need comply with the notice requirement of the statute only once and that when the second compensable disablement developed the one-year-back rule was not applicable. *Palchak* grafted an exception onto the statutory language which exception is not without difficulty of application to a particular fact situation as this case illustrates.

In this case, Judge T. G. KAVANAGH, dissenting in the Court of Appeals (11 Mich App 13, 19), stated the test this way:

"It is the date that the condition becomes disabling, rather than when the pathological development begins, that determines eligibility for compensation. The 1-year rule is a limitation on further compensation for a disability for which some compensation was paid."

To this we would add that the injury or condition which causes the further disablement must have been suffered in the same accident as the first compensable injury, but its manifestation is so undeveloped or concealed as to be undiscernible until a subsequent time.

This case is remanded to the workmen's compensation appeal board for finding of the facts by that board. See *Kelley* v. *National Coal & Coke Co.* (1968), 381 Mich 131. While the facts in this case seem reasonably clear, it is not the province of this

Court or of the Court of Appeals to make findings
of fact.* *White* v. *Michigan Consolidated Gas Co.*
(1958), 352 Mich 201, 209.  If upon remand, the
appeal board finds that plaintiff's original compen-
sable disablement, due to the fractured hip, came
to an end and that thereafter plaintiff suffered a new
compensable disablement due to the aseptic necrosis,
the one-year-back rule should not be applied.  If
the appeal board finds there was a single compen-
sable disablement, the aseptic necrosis manifesting
itself in the progression of such single disablement,
the one-year-back rule should be applied.  Finally,
upon the present record or upon the taking of such
further proofs as the parties may wish to submit,
if the appeal board is unable to make either finding,
it should affirm the award of the referee due to the
failure of plaintiff to bear his burden of proving a
further development.

The award should be reversed and the cause re-
manded.  Costs to abide the final result.

T. M. Kavanagh, J., concurred with Adams, J.

Black, J.  The requisite whole of the appeal
board's opinion on review appears in Justice Adams'
opinion, *ante* at pages 603–605.  Quoted in that opin-
ion on review is a substantial portion of the testi-
mony of Dr. Lipton.  The doctor was the only
medical witness sworn.  He examined plaintiff on
request of the latter's counsel and was called as a
witness for the plaintiff.  The appeal board relied
exclusively upon his testimony in reaching its mixed
law and fact finding:

"In view of the above set-out medical testimony
of Dr. Lipton, it is my opinion that the Referee was
correct in this matter in ultimately concluding that

---

* See CL 1948, § 413.12 (Stat Ann 1968 Rev § 17.186).—Reporter.

plaintiff has not borne his burden of proving a new or further development which would in effect amount to a new disability. An order should enter affirming the award of the referee below."

The doctor's quoted testimony reads fairly if not persuasively that plaintiff's 1962 pain and subsequent disability was due to aseptic necrosis; that such necrosis is a not-unusual result of a hip fracture such as was sustained the previous year by plaintiff; that it "arose as the result of the fracture with damage to the blood supply to the head of the bone," and that "basically it is the result of the original trauma." It supports the quoted finding as well as the final conclusion reached by Division 1 of Court of Appeals* and calls for a determination here that plaintiff failed to prove that he has suffered a "further development" within meaning and purpose of the cases which Justices DETHMERS and EDWARDS considered in their concurring opinions of *Loucks* v. *Bauman* (1959), 356 Mich 514, 529.

If this appellate Court is willing to accept the doctor's quoted testimony, and I suggest it should since the administrative triers of facts did so unequivocally in reaching their decision, the statutory bar against payment of compensation—"for any period which is more than 1 year prior to the date of the filing of such application"—expressly applies.

I would affirm.

T. E. BRENNAN, C. J., and DETHMERS and KELLY, JJ., concurred with BLACK, J.

T. G. KAVANAGH, J., took no part in the decision of this case.

---

* "In our opinion, this testimony supports the finding that plaintiff did not sustain the burden of proving a 'further and subsequent development,' that is, one injury with 2 distinct results. See *Palchak* v. *Murray Corporation of America* (1947), 318 Mich 482, 493." (*Adcox* v. *Northville Laboratories, Inc.* [1968], 11 Mich App 13, 18).