CUPPLES v AMEC, INC.

Docket No. 77-1656. Submitted March 7, 1978, at Lansing.—Decided July 5, 1978. Leave to appeal applied for.

Clarence Cupples applied for and received general disability workmen's compensation benefits from his employer, AMEC, Inc., and its insurer, Employers Fire Insurance Company. Subsequently, Cupples applied for differential benefits for total and permanent disability because of the loss of industrial use of his leg. The benefits were awarded. The Second Injury Fund appealed, contending that the one year back provision of the workmen's compensation statute should apply to limit the benefits payable to the employee to a period no more than one year prior to the application for differential benefits. The Workmen's Compensation Appeal Board affirmed the award, finding the one year back rule inapplicable, and applying a two year back rule instead. The Second Injury Fund appeals by leave granted. *Held:*

The finding of the Workmen's Compensation Appeal Board that Cupples suffered a further development of the original disability is conclusive in the absence of fraud, and in so finding the board applied the proper standard, which is whether that disability involves two results of a single injury, rather than distinct injuries sustained in an accident.

Affirmed.

1. WORKMEN'S COMPENSATION—DIFFERENTIAL BENEFITS—ONE YEAR BACK RULE—BURDEN OF PROOF—STATUTES.

The one year back rule of the workmen's compensation law, which limits the period for which differential benefits may be paid where application is made for total disability based upon an earlier compensable disability to no more than one year prior to the date of filing for the differential benefits, does not apply if the claim is for a further development of the original

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 333, 511–517.
[2] 82 Am Jur 2d, Workmen's Compensation § 547.
[3] 82 Am Jur 2d, Workmen's Compensation § 552.
[4] 82 Am Jur 2d, Workmen's Compensation § 333.

disability; the burden of proof is on the party claiming such a further development (MCL 418.833[1]; MSA 17.237[833] [1]).

2. WORKMEN'S COMPENSATION—MEDICAL CAUSATION—QUESTION OF FACT.

   Questions of medical causation are questions of fact in a workmen's compensation case.

3. WORKMEN'S COMPENSATION—FINDINGS OF FACT—CONSTITUTIONAL LAW—STATUTES.

   Findings of fact made by the Workmen's Compensation Appeal Board will not be reversed absent fraud (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

4. WORKMEN'S COMPENSATION—FURTHER DEVELOPMENT—STANDARD.

   The correct standard to be used by the Workmen's Compensation Appeal Board in determining if a disability is a further development of an original injury is whether that disability involves not distinct injuries sustained in an accident, but rather two results of a single injury.

*Marcus, Ruck & Flynn, P. C.* (by *David M. Wells),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for defendant Second Injury Fund.

Before: DANHOF, C. J., and D. E. HOLBROOK, JR. and S. EVERETT,* JJ.

DANHOF, C. J. Defendant, Second Injury Fund, appeals on leave granted from a Workmen's Compensation Appeals Board (WCAB) decision awarding plaintiff differential benefits for total and permanent disability due to the loss of the industrial use of his leg. The only issue on appeal is whether the award was contrary to MCL 418.833(1); MSA 17.237(833)(1), which reads:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application."

On July 11, 1973, plaintiff was awarded general disability compensation benefits for a back injury which occurred as a result of three separate accidents, the last occurring in 1971. On September 5, 1974, plaintiff filed his present petition seeking differential benefits for total and permanent disability. The WCAB found that the "1 year back" rule was not applicable but limited plaintiff's recovery of benefits to a period starting two years before the filing of his petition in accordance with MCL 418.381(2); MSA 17.237(381)(2).

In determining the applicability of MCL 418.833(1); MSA 17.237(833)(1), the case law has distinguished between cases of "further development" and cases of "further compensation", see *Morgan v Lloyds Builders Inc,* 344 Mich 524; 73 NW2d 880 (1955), *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959), *Adcox v Northville Laboratories, Inc,* 381 Mich 600; 166 NW2d 460 (1969), *Drake v Norge Division, Borg-Warner Corp,* 48 Mich App 88; 210 NW2d 131 (1973). If the claim is for further development, the one year back rule does not apply, *Morgan, supra; Adcox, supra.* The burden of proof is on the one claiming a further development to show a further development, *Adcox, supra.*

The legal standard used in determining whether the disablement is a further development has been stated in a variety of ways. In *Palchak v Murray Corp of America,* 318 Mich 482, 493; 28 NW2d 295 (1947), further development was defined as "not involv[ing] distinct injuries sustained in an acci-

dent, but rather two results of a single injury". This standard was cited in *Morgan, supra,* at 528, *Drake, supra,* at 95. Emphasis has also been placed on the fact that the subsequent disablement was not present or recognizable at the time of the original hearing, *Palchak, supra,* at 492, *Loucks, supra,* at 531, *Adcox, supra,* at 608 (dissenting opinion). Analyzing and reconciling the holdings on the facts and/or the language used in these cases is difficult. Some support for both plaintiff's and defendant's claims can be found in almost every case.

However, the holdings in all these cases are consistent with each other when viewed in light of the scope of appellate review of workmen's compensation decisions. This is possibly the only way to reconcile the differing results reached in *Morgan, supra,* and *Adcox, supra.* In *Morgan, supra,* the WCAB found that plaintiff had met his burden of proof in showing a further development while in *Adcox, supra,* plaintiff had not carried his burden. The Supreme Court affirmed both decisions. The most plausible explanation for this is that questions of medical causation are questions of fact, *Galac v Chrysler Corp,* 63 Mich App 414; 235 NW2d 359 (1975), and findings of fact will not be reversed absent fraud, Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861), *Steel v Suits News Co,* 398 Mich 171; 247 NW2d 284 (1976). The only instances in which the WCAB found further development and was reversed on appeal involve situations where there was no change in the petitioner's disability since the time of the original hearing, see *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975), *Baldwin v Chrysler Corp,* 67 Mich App 61; 240 NW2d 266 (1976), *lv den,* 396 Mich 862 (1976).

In the instant case, the WCAB found further development. They accepted plaintiff's evidence as establishing a "prima facie" case. The doctor treating plaintiff testified that recent X-rays had shown the development of arthritic spurs on the lumbar vertebrae not shown in the earlier X-rays used at the original hearing in 1973. He testified that now, plaintiff was disabled from performing any job because he could not stand and/or sit for any extended length of time, due to the pain generated by the use of his legs. The doctor also testified that the development of these spurs was a progression of the underlying condition. These findings of fact are conclusive in the absence of fraud, Const 1963, art 6, § 28.

In determining whether the facts found established a further development, the WCAB opinion indicates that it applied the standard enunciated in *Morgan, supra.* This is the proper standard and the WCAB committed no reversible error in their application of it.

Affirmed.