MARTIN v SOMBERG-BERLIN METALS COMPANY

Docket No. 60533. Argued February 1, 1979 (Calendar No. 1).—Decided March 4, 1980. Rehearing denied 408 Mich 1109.

Preston Martin received workers' compensation benefits for total disability from his employer, Somberg-Berlin Metals Company, after an injury to his lower back on November 11, 1963. On December 11, 1972 he claimed differential benefits from the Second Injury Fund on the ground that his condition had worsened and he was totally and permanently disabled by the loss of industrial use of both legs caused by his back injury. The Worker's Compensation Appeal Board awarded plaintiff Martin differential benefits to be paid by the Second Injury Fund from August 1, 1965, seven years and five months before the application, on a finding that that was the date on which the plaintiff became totally and permanently disabled. The Second Injury Fund argues that the "one-year-back" rule of the statute in effect when the plaintiff was injured precludes the retroactive award of differential benefits because his application is for "further compensation" and every claim for compensation after compensation has once been paid is an application for "further compensation". The Worker's Compensation Appeal Board decided that the one-year-back rule did not apply to the liability of the Second Injury Fund because the application was for a different category of benefits and thus was not for "further compensation". The Court of Appeals, D. F. Walsh, P.J., and Allen and R. B. Burns, JJ., denied leave to appeal (Docket Nos. 77-1101, 77-1130). Defendant Second Injury Fund appeals. *Held:*

The argument of the Second Injury Fund in essence is that the one-year-back rule admits of no exceptions and consequently *every* claim for compensation after compensation has once been paid is an application for "further compensation" subject to the rule. However, that statutory phrase has not been so read over the years. There is authority for distinguishing among "categories" of disability in determining whether an application is for "further compensation" within the rule. Resumption of payment for the same category of disability

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 344.

results in "further compensation" subject to the one-year-back rule. If compensation is paid for a particular disability and subsequently another disability is determined, compensation for the second disability is not "further compensation" subject to the one-year-back rule but is a separate category not so limited. In this case no compensation has been paid for the total and permanent disability resulting from the loss of industrial use of claimant's legs and hence the award of differential benefits is not "further compensation" subject to the one-year-back rule.

Affirmed.

WORKMEN'S COMPENSATION — DIFFERENTIAL BENEFITS — APPLICATION — ONE-YEAR-BACK RULE — SECOND INJURY FUND.

Resumption of payment of workers' compensation benefits for the same category of disability results in "further compensation" subject to the one-year-back rule under the statute which limits the retroactive award of workers' compensation to the year immediately preceding the application for further compensation; however, if workers' compensation is paid for a particular disability, and subsequently another disability is determined by the Bureau of Workmen's Compensation, workers' compensation for the second disability is not "further compensation" subject to the one-year-back rule (MCL 413.14; MSA 17.188).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Robert F. Auld),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for defendant Second Injury Fund.

KAVANAGH, J. This is an appeal from a Worker's Compensation Appeal Board decision ordering the Second Injury Fund to pay differential benefits to plaintiff from seven years prior to the date he filed his application for benefits. The Second Injury Fund argues that the "one-year-back" rule in MCL 413.14; MSA 17.188, currently, MCL 418.833(1); MSA 17.237(833)(1), precludes the retroactive award of benefits for any period which antedates the filing of plaintiff's application by one year.

We hold that the one-year-back rule is inapplicable to this case and affirm.

I

Preston Martin has been receiving total disability benefits from his employer since he injured his lower back on November 11, 1963. On December 11, 1972, plaintiff filed a petition seeking differential benefits from the Second Injury Fund. He asserted that his condition had worsened and that he had become totally and permanently disabled from the back injury due to the loss of industrial use of both legs. MCL 418.361(2)(g); MSA 17.237(361)(2)(g).

A hearing was held in February 1974, and the hearing referee determined that plaintiff became permanently and totally disabled in August of 1965. He ordered the Second Injury Fund to commence paying differential benefits from August 1, 1965. This antedated the filing of plaintiff's application for benefits by seven years and five months.

The employer and the Second Injury Fund appealed the referee's order to the WCAB, arguing that plaintiff had failed to sustain his burden of proving the loss of industrial use of his legs. The Second Injury Fund also raised the issue of the applicability of the one-year-back rule, arguing that it should not be liable for payments of benefits prior to December 1, 1971.

The appeal board affirmed the referee's determination of plaintiff's permanent and total disability and held the one-year-back rule inapplicable.

The Court of Appeals denied leave to appeal, but this Court agreed to hear the Second Injury Fund's appeal, limited to the issue of whether the appeal board erred in refusing to limit the Second Injury

Fund's liability in accordance with the one-year-back rule in MCL 413.14; MSA 17.188.

We hold that it did not.

## II

At the time of the claimant's injury the one-year-back rule provided:

"If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application." MCL 413.14; MSA 17.188.

In ruling on the applicability of the rule the WCAB said:

"Section 418.833, the one-year-back rule, precludes an order of benefits for 'any period which is more than 1 year prior to the date of filing' of 'an application for further compensation.' Plaintiff's original application resulting in the 1965 award was for general disability benefits. The 1972 application currently before us seeks benefits for total and permanent disability, an entirely different category. *Halas v Yale Rubber Mfg Co,* 381 Mich 542 [164 NW2d 15] (1969). The limitations imposed by section 418.833 are therefore inapplicable to the instant case. *Morgan v Lloyds Builders, Inc,* 344 Mich 524 [73 NW2d 880] (1955)."

The argument of the Second Injury Fund in essence is that the one-year-back rule admits of no exceptions and consequently *every* claim for compensation after compensation has once been paid is an application for "further compensation" subject to the rule.

While it may be literally true that once a

worker has received compensation any compensation paid to that worker thereafter may be termed "further compensation" that phrase in the one-year-back rule has not been so read over the years.

In *Morgan v Lloyds Builders, Inc,* 344 Mich 524; 73 NW2d 880 (1955), the Court said:

"We find that the petition entitled, 'application for hearing and adjustment of claim,' filed by the plaintiff dated July 28, 1953, is not a petition for further compensation for loss of time or employment, but is a petition for loss of vision in the right eye. Without any deduction for the compensation heretofore paid for loss of time or employment, plaintiff is entitled to receive compensation for specific loss of eye, according to [MCL 412.10; MSA 17.160] of $26 per week, for a total of 150 weeks from May 9, 1951." *Id.,* 528-529,

and refused to apply the one-year-back rule.

The WCAB has correctly regarded *Morgan* as authority for distinguishing among "categories" of disability in determining whether an application is for "further compensation" within the rule.

Resumption of payment for the same category of disability results in "further compensation" subject to the one-year-back rule. *Lynch v Briggs Mfg Co,* 329 Mich 168; 45 NW2d 20 (1950).

If compensation is paid for a particular disability (general on account of back injury) and subsequently another disability is determined (total and permanent on account of loss of industrial use of legs) compensation for the second disability is not "further compensation" subject to the one-year-back rule but is a separate "category" not so limited. *Morgan, supra.*

In this case no compensation has been paid for the "total and permanent" disability resulting from the loss of industrial use of claimant's legs

and hence the award of differential benefits is not "further compensation" subject to the one-year-back rule.

Affirmed.

No costs.

COLEMAN, C.J., and WILLIAMS, LEVIN, FITZGER-ALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.