HUTSKO *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—DISABILITY AWARD—SPECIFIC LOSS AWARD.

Disability payments under the workmen's compensation act are awarded on a differential computed on what wage the injured workman is able to earn after his injury and the wage he was earning at the time he was injured, whereas a specific loss benefit is paid under a schedule of losses applicable to certain designated organs or anatomical members, is not made as compensation for diminution of use of involved organ or member, is not awarded to compensate for loss of earnings, and is awarded irrespective of loss of earnings or earning capacity (CLS 1961, § 412.10).

2. SAME—SPECIFIC LOSS—CONSTRUCTION OF STATUTE.

There must be total incapacitating loss of use which renders an organ or member industrially useless for any type of work, skilled or unskilled, in order to qualify for a specific loss payment under the workmen's compensation act, where there has not been actual physical loss of the member by amputation (CLS 1961, § 412.10).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 281–285, 287.
Right to compensation as affected by fact that injured employee earns, or is offered, as much as, or more than, before the injury. 149 ALR 413.
[2–6] 58 Am Jur, Workmen's Compensation § 287.
Workmen's compensation: what amounts to loss of member within the meaning of the acts. 18 ALR 1350.
Workmen's compensation: right to compensation as for a total or partial disability in case of abnormal condition of body or member which results from or is incident ·to specific injury for which the act makes special allowance. 156 ALR 1344.
[7] 5 Am Jur 2d, Appeal and Error § 1009.

3. SAME—SPECIFIC LOSS—TEST.

The test to determine a specific loss payment under the workmen's compensation act is the degree of loss as compared with actual physical loss of the member by destruction or amputation, not the degree of loss measured by the requirements of skill of the injured workman (CLS 1961, § 412.10).

4. SAME—SPECIFIC LOSS—SKILLED WORK.

The recognized distinction between skilled and unskilled work in workmen's compensation cases is not applicable to the question what degree of loss of use amounts to physical loss so as to qualify a claimant for specific loss benefits (CLS 1961, § 412.10).

5. SAME—SPECIFIC LOSS—CONSTRUCTION OF STATUTE.

A specific schedule loss of a member for workmen's compensation purposes is that loss of industrial use or function of a member equal to actual physical loss as by destruction or amputation (CLS 1961, § 412.10).

6. SAME—SPECIFIC LOSS—CONSTRUCTION OF STATUTE—HAND INJURY —MILLWRIGHT.

Injury to hand of claimant for workmen's compensation which necessitated amputation of little finger and resulted in restricted use of middle and ring finger and deformity of index finger, leaving a normal thumb and palm, which injury caused the industrial loss of use of claimant's hand in his particular skill as a millwright but left him a measure of industrial use of hand, *held*, not to amount to actual physical loss tantamount to destruction or amputation of hand; hence, claimant is not entitled to specific award for loss of hand (CLS 1961, § 412.10).

7. COSTS—WORKMEN'S COMPENSATION—CONSTRUCTION OF STATUTE.

No costs are awarded in workmen's compensation case, where construction of statute is involved (CLS 1961, § 412.10).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Holbrook and Levin, JJ., reversing Workmen's Compensation Appeal Board. Submitted April 2, 1968. (Calendar No. 4, Docket No. 51,803.) Decided June 10, 1968.

7 Mich App 52, affirmed.

Andrew Hutsko presented his claim for workmen's compensation and, in addition to wage differential, was granted award for specific loss of hand. Court of Appeals reversed, denying specific award. Plaintiff appeals. Affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*B. M. Freid,* of counsel), for plaintiff.

*Lacey & Jones* (*E. R. Whinham, Jr.,* of counsel), for defendant.

O'Hara, J. This is an appeal on leave granted to review a decision of the Court of Appeals. The decision reversed the workmen's compensation appeal board. There is no fact issue involved. The question presented is one of law. It is:

Where a claimant has lost the industrial use of his hand in his particular skill but retains a measure of general unskilled industrial use thereof, has he sustained the loss of the hand within the meaning of the specific loss schedule of the workmen's compensation law?[1]

Plaintiff was employed as a millwright by defendant company. His hand was caught in a fan he was repairing. As a result his little finger was amputated. He has restricted use of his middle and ring fingers, a consequential deformity of his index finger, but a normal thumb and palm. All of the medical testimony is in substantial agreement that he has lost the industrial use of the hand in his skill and retains some general industrial use. He is now retired. He has received and continues to receive wage loss disability payments while un-

---

[1] CLS 1961, § 412.10 (Stat Ann 1960 Rev § 17.160).

employed. His claim is for benefits within the schedule loss period while he was employed and receiving wages equal to those he received when working at his skilled trade before his injury.

Michigan has 2 types of workmen's compensation benefits, wage loss disability payments and specific or schedule loss payments. The first type is dependent upon proof of a wage loss resulting from an industrial injury. It is a differential payment computed on what wage the injured workman is able to earn after his injury and the wage he was earning at the time he was injured. If there is no difference he receives no benefits. The second type is a specific loss benefit paid under a schedule of losses applicable to certain designated organs or anatomical members. To this benefit the injured workman is entitled during the period provided in the schedule, irrespective of any wages he receives whether greater or less than those he received at the time of his injury. As to the second type we recently held:[2]

"We point out that a specific loss award is not made as compensation for diminution of use of the involved organ or member. It is not awarded to compensate for loss of earnings or earning capacity. It is awarded irrespective of either fact or both."

However, in order to qualify for the specific loss payment where there has not been the actual physical loss of the member as by amputation, there must be that total incapacitating loss of use which renders the organ or member industrially useless for any type of work, skilled or unskilled. To hold otherwise we think would be a logical contradiction. Plaintiff's injury has not amounted to the actual

[2] *Lindsay* v. *Glennie Industries, Inc.* (1967), 379 Mich 573, 578.

physical loss tantamount to destruction or amputation contemplated by the specific loss schedule. The test is not the degree of loss measured by the requirements of the skill of the injured workman. The test is the degree of loss as compared with the actual physical loss by destruction or amputation. We hardly need add that where the specific loss schedule makes an exception as in the case of an eye, the percentage of loss legislatively specified obtains.

Plaintiff-appellant relies generally on the theory that we have long recognized a distinction between skilled and unskilled labor in the field of workmen's compensation law. In particular he urges that *Collins* v. *Albert A. Albrecht Co.*, 212 Mich 147, is authority for his position.

We readily agree that for several purposes in workmen's compensation cases the difference between skilled and unskilled work has been recognized. We do not find the distinction to have been made applicable to the question of what degree of loss of use amounts to actual physical loss so as to qualify a claimant for specific loss benefits.

We recognize that in *Collins, supra,* this Court used language that could be interpreted to sustain a contrary conclusion. However, we find no other similar instance in our case law. We conclude that in *Collins* the Court used the phrases "at his trade" and "as a carpenter" as descriptive only. It should be carefully noted in *Collins* that earlier in the decision the Court said, at p 148:

"After considering with some care the testimony bearing on the loss of vision of plaintiff's injured eye we have concluded that plaintiff has *lost an eye* within the meaning of the compensation law." (Emphasis supplied.)

In simple substance then we construe a specific schedule loss to be that loss of industrial use or function equal to actual physical loss as by destruction or amputation, except as before noted when otherwise provided in the act. This holding, we think, accords with the legislative intent which awards benefits in a schedule loss irrespective of wage loss disability.

Affirmed. Under the circumstances of this case we award no costs by reason of the statutory construction involved.

DETHMERS, C. J., and KELLY, BLACK, SOURIS, ADAMS, and T. E. BRENNAN, JJ., concurred with O'HARA, J.

T. M. KAVANAGH, J., concurred in the result.