CHAFFIN v GRAND RAPIDS METALCRAFT

WORKMEN'S COMPENSATION—SPECIFIC LOSS—LOSS WITHOUT AMPU-
TATION.
> An employee was entitled to workmen's compensation benefits
> for the specific loss of his right hand, even though the hand
> had not been amputated, where the claimant's right thumb,
> including the metacarpal bone, had been removed (MCLA 412-
> .10[a][12]).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 January 4, 1972, at
Grand Rapids. (Docket No. 11302.) Decided January 26, 1972. Leave to appeal denied, 387 Mich
776.

Eddie Chaffin presented his claim for workmen's
compensation against Grand Rapids Metalcraft
Division of F. L. Jacobs Company and Corporate
Service. Compensation awarded. Defendant appeals by leave granted. Affirmed.

*Marcus, McCroskey, Libner, Reamon & Williams,*
for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells*), for defendant.

REFERENCES FOR POINTS IN HEADNOTE

58 Am Jur, Workmen's Compensation §§ 287, 288.
Workmen's compensation; what amounts to loss of member within the meaning of the acts. 18 ALR 1350.
What amounts to total incapacity within Workmen's Compensation Acts, 67 ALR 785.

Before: FITZGERALD, P. J., and R. B. BURNS and
TARGONSKI,* JJ.

PER CURIAM. On December 2, 1965, plaintiff Eddie
Chaffin was working as an automatic press operator
for defendant Grand Rapids Metalcraft. On that
date plaintiff reached into a press to "catch a die"
and the "ram" came down crushing his right hand.

Plaintiff's hand was badly damaged with his right
thumb partially being torn off and with his index
finger being partially damaged. Surgery was per-
formed and plaintiff's right thumb was removed,
including the "metacarpal bone".

Plaintiff claimed workmen's compensation for the
loss of a thumb under MCLA 412.10(a)(1); MSA
17.160(a)(1), which amounted to 65 weeks and which
was voluntarily paid by the defendant. Next,
plaintiff claimed workmen's compensation for the
industrial loss of his hand, MCLA 412.10(a)(12);
MSA 17.160(a)(12), and after a hearing, the referee
awarded compensation for 215 weeks. The Work-
men's Compensation Appeal Board affirmed the
referee's finding by a 4–2 vote.

Defendant sought leave to appeal from the
Board's decision which was granted by this Court.

On appeal, defendant claims that the Workmen's
Compensation Appeal Board committed reversible
error in ruling that the plaintiff had suffered the
specific loss of a hand.

Defendant asserts that the plaintiff has not suf-
fered the specific loss of his hand. In so arguing,
defendant cites *Hutsko* v *Chrysler Corp,* 381 Mich
99 (1968), for the proposition that the loss of the
hand must be equal to amputation. Defendant

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

maintains that the testimony in the instant case does not support the conclusion that plaintiff has suffered the loss of his hand equal to amputation.

*Hutsko* v *Chrysler Corp, supra,* held that where there is a specific scheduled loss, but no actual physical loss of the member, the test shall be (pp 102, 103, 104):

"There must be that total incapacitating loss of use which renders the organ or member industrially useless for any type of work, * * * . The test is the degree of loss as compared with the actual physical loss by destruction or amputation. * * * In simple substance then we construe a specific schedule loss to be that loss of industrial use or function equal to actual physical loss as by destruction or amputation."

Furthermore, findings of fact by the Appeal Board will not be reversed by courts on appeal if the findings of fact are supported by the record, in the absence of fraud. *Rea* v *General Electric Co,* 35 Mich App 573 (1971).

In the instant case, the findings of fact are supported by the record and the test in *Hutsko* is met. Therefore, this Court affirms the decision of the Workmen's Compensation Appeal Board. See also *Rea, supra.*

Affirmed. Costs to appellee.