ECKMAN v EX-CELL-O CORPORATION

Opinion of the Court

1. Workmen's Compensation—Disability—Course of Employment
   —Causal Connection.

   A claimant who had suffered a mild hearing loss was not entitled
   to workmen's compensation where he failed to establish a
   causal connection between his hearing loss and his employ-
   ment.

2. Workmen's Compensation—Disability—Hearing Loss—Ability
   to Obtain Employment.

   The test for determining whether a hearing loss is disabling is
   the effect of the hearing loss on the ability to obtain employ-
   ment and not the extent of the hearing loss.

3. Appeal and Error—Workmen's Compensation—Appeal Board—
   Findings—Evidence.

   Findings of the Workmen's Compensation Appeal Board are
   conclusive where they are based on substantial and competent
   evidence.

Concurrence in Result by O'Hara, J.

4. Workmen's Compensation—Appeal Board—Appeal and Error—
   Findings—Compensable Disability—Course of Employment.

   *Findings of the Workmen's Compensation Appeal Board that a
   claimant did not prove he had a compensable disability arising
   out of and in the course of his employment is conclusive where
   the finding was clearly a permissible inference based on the
   evidence.*

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 1 October 10, 1974,

References for Points in Headnotes
[1, 2] 58 Am Jur, Workmen's Compensation § 209 *et seq.*
[3, 4] 58 Am Jur, Workmen's Compensation § 530.

at Detroit. (Docket No. 18787.) Decided January 28, 1975. Leave to appeal denied, 394 Mich —.

Claim by Kenneth L. Eckman against Ex-Cell-O Corporation for workmen's compensation. Denial of compensation affirmed by the Workmen's Compensation Appeal Board. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson* (by *John W. Simpson, Jr.,* and *Robert W. Howes),* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. The facts necessary to a proper resolution of this appeal are adequately stated in Judge O'HARA's concurring opinion. We have chosen to follow a different approach than that adopted by Judge O'HARA.

The appeal board clearly found that because of a "combination of factors"—claimant's mild hearing loss, his limited exposure to loud noise at work, and his apparent ability to engage successfully in everyday or telephone conversation—Eckman failed to establish an essential element of his claim: the causal connection between his hearing loss, whatever its degree, and his employment with Ex-Cell-O. The board concluded that Eckman failed to prove that his injury "arose out of and in the course of his employment". There is ample support in the record for this finding and the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

decision to deny benefits is affirmed on that basis alone.

Whether the board determined in addition that Eckman failed to establish that his hearing loss was disabling is a question we need not consider here. If that question was indeed reached and considered by the board, it was unnecessarily, and perhaps incorrectly, decided. Unnecessarily, because the failure of Eckman to establish the required causal link between the injury and his employment eliminates any need for further inquiry. Incorrectly, because the board seemed to emphasize the extent of claimant's hearing loss rather than the effect that hearing loss, however slight, had on his ability to obtain employment. The latter standard is the one properly applicable to cases of this type. *Hutsko v Chrysler Corp,* 381 Mich 99, 102; 158 NW2d 874 (1968).

The decision of the Workmen's Compensation Appeal Board which affirmed the hearing referee's determination that Eckman was not entitled to benefits is based on substantial, competent evidence. The board's findings are accordingly conclusive, MCLA 418.861; MSA 17.237(861), and the decision based thereon is affirmed, for the reasons discussed above.

Affirmed.

DANHOF, P. J., concurred.

O'HARA, J. *(concurring in result).* This is an appeal on leave granted from a denial of workmen's compensation benefits. Plaintiff's entitlement was allegedly due to exposure to noise which he claims reduced his earning capacity. He introduced testimony tending to establish that the hearing loss prevents him from passing a physical examination for industrial employment.

Plaintiff states the question involved and the holding of the appeal board as follows:

*"Is the plaintiff herein entitled to partial workmen's compensation payments for the loss of wage earning capacity sustained by reason of the industrially related hearing loss which isolates him from further employment in industry because of his inability to pass a medical exam?*

"The Workmen's Compensation Appeal Board did not answer this question.

"Plaintiff-appellant respectfully submits that the answer is 'yes'."

We are compelled to disagree with the contention that the board did not answer this question. Contrariwise it answered it clearly and unequivocally in its finding of fact:

" * * * we are constrained to hold that plaintiff has not by a preponderance of the evidence proved that he has a compensable hearing disability arising out of and in the course of his employment for the defendant."

In support of this the board relied in part on the testimony of two medical experts, one of whom testified that the hearing loss was "mild". The other testified plaintiff had *no* hearing loss in the right ear and only a 1.5% loss in the left ear with a binaural loss of .2% by one generally accepted standard, and 6.2% by another. The doctor administering the test concluded that "his hearing loss is specifically not particularly handicapping at the present time".

The board carefully distinguished the instant case from one granting benefits for loss of hearing, *Ball v Motor State Products,* 1973 WCO 992:

"In the instant case plaintiff's exposure to loud noise was for a relatively short period—a matter of a few

months—as opposed to 10 to 12 years exposure to heavy industrial noise in the case of Mr. Ball."

The foregoing finding was clearly a permissible inference based on the short time plaintiff was exposed to the noise level. The noise level itself and plaintiff's own testimony that he could resume his former job (which he left voluntarily) if the company chose to rehire him supports the board's findings.

The controlling statute provides:

"The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state." MCLA 418.861; MSA 17.237(861).

The Supreme Court in construing this statute held:

" 'It may not be necessary to repeat what we have so frequently said that this Court does not review the findings of fact of the board, except to determine whether there is any evidence to support the award. The evidence may not be direct; it may be circumstantial. The board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and the facts which it finds established. We may reverse awards for a failure of evidence to support them, but we are not the triers of the facts. * * * ' " *Thornton v Luria-Dumes Co-Venture,* 347 Mich 160, 162; 79 NW2d 457 (1956), citing *Meyers v Michigan Central R Co,* 199 Mich 134, 137–38; 165 NW 703 (1917).

The scope of our permissible review precludes disturbing the findings of fact of the board sup-

ported as documented herein by evidence of record.[1]

Affirmed.

---

[1] Plaintiff's counsel on oral argument correctly pointed out that Dr. Summers' report contained the following:

"The hearing loss as calculated by the 0.8% factor for the *conversational tones* is calculated to be 20% in the right ear and 24% in the left ear." (Emphasis supplied.)

The appeal board implicitly held that this was not:

" * * * a compensable hearing disability arising out of and in the course of his employment * * * ."