PINTAR v COPPER RANGE MINING COMPANY

1. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Aᴅᴍɪɴɪsᴛʀᴀᴛɪᴠᴇ Lᴀᴡ—Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Eᴠɪᴅᴇɴᴄᴇ.

Factual determinations by the Workmen's Compensation Appeal Board are conclusive upon a reviewing court if supported by any evidence and where the board has not misapplied the governing law.

2. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Iɴᴊᴜʀɪᴇs—Iɴᴅᴜsᴛʀɪᴀʟ Usᴇ ᴏғ Lᴇɢs— Pᴇʀᴍᴀɴᴇɴᴛ Lᴏss—Tᴏᴛᴀʟ Lᴏss—Sᴛᴀᴛᴜᴛᴇs.

Under a section of the workmen's compensation law an employment-related injury directly to both legs need not be found to support a finding of loss of industrial use to both legs since any employment-related injury that is found to prevent the use of both legs in industry will satisfy the statutory requirement for disability benefits; however, the plain language of the statute mandates that to recover compensation for the loss of use of both legs the loss of use of both legs in industry must be permanent and total (MCLA 418.361[2][g]; MSA 17.237[361][2][g]).

3. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Iɴᴅᴜsᴛʀɪᴀʟ Usᴇ ᴏғ Lɪᴍʙs—Lᴏss ᴏғ Lɪᴍʙs—Pʜʏsɪᴄᴀʟ Lᴏss—Aᴍᴘᴜᴛᴀᴛɪᴏɴ—Dᴇsᴛʀᴜᴄᴛɪᴏɴ.

The standard used to measure a workmen's compensation claimant's loss of industrial use of a limb is that the loss of industrial use is functionally equivalent to actual physical loss, as by destruction or amputation.

Appeal from Workmen's Compensation Appeal Board. Submitted October 4, 1977, at Marquette. (Docket No. 28650.) Decided November 9, 1977. Leave to appeal denied, 402 Mich —.

Claim by Robert Pintar against Copper Range Mining Company and Second Injury Fund for

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2, 3] 82 Am Jur 2d, Workmen's Compensation §§ 350, 351.

workmen's compensation. A hearing referee granted the plaintiff compensation benefits but found that the plaintiff was not totally and permanently disabled. The Workmen's Compensation Appeal Board affirmed. Plaintiff appeals by leave granted. Affirmed.

*Wisti & Jaaskelainen* (by *Kermit C. Bryant),* for plaintiff.

*Vairo, Mechlin, Tomasi & Johnson,* for defendant Copper Range Mining Co.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for the Second Injury Fund.

Before: Quinn, P. J., and Bashara and D. E. Holbrook, Jr., JJ.

Per Curiam. Plaintiff appeals from a decision of the Workmen's Compensation Appeal Board affirming a referee's order denying his claim for permanent disability benefits.[1]

While working for defendant, Copper Range Mining Company, plaintiff sustained an injury to his right leg, necessitating its amputation seven inches below the knee. Thereafter, at Copper Range's expense, plaintiff attended college, earning a degree in secondary education. After teaching for two years, plaintiff incurred a period of unemployment as a consequence of the declining job market for teachers.

A claim for workmen's compensation was filed by plaintiff, which included a request for permanent disability benefits due to an alleged loss of

---

[1] *See* MCLA 418.361(2); MSA 17.237(361)(2).

industrial use of both legs.[2] Plaintiff testified that because of the partial amputation of his right leg, greater stress was placed upon his left leg. It was his testimony that the increased stress caused his left leg to tire rapidly and sustain severe and painful muscular cramps. Thus, his ambulatory capability was significantly reduced to a point where, according to plaintiff's claim, neither leg could be used in industry. Plaintiff also complained of substantial pain in his partially amputated leg whenever he stood or walked for any period of time in excess of one-half hour.

The deposition testimony of an examining physician was offered by plaintiff. Although the physician concluded that plaintiff had lost the industrial use of both legs, on cross-examination, he stated that no objective symptoms of any problem in either leg, other than the amputation itself, were observable. After quoting excerpts of this testimony and that of plaintiff, the board concluded that plaintiff's left leg became "tired" when used for an unspecified period of time. The board further concluded that such a condition was insufficient to establish loss of industrial use.

It is plaintiff's contention that the board used an erroneous legal standard in reaching its conclusion. In support of his position, plaintiff relies exclusively upon *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974).

So long as the board has not misapplied the governing law, its factual determinations, if supported by any evidence, are conclusive upon this reviewing Court. *Thornton v Luria-Dumes Co-Venture,* 347 Mich 160; 79 NW2d 457 (1956). This is the standard by which we must evaluate the

---

[2] MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

board's factual determination[3] that plaintiff has not lost the industrial use of both legs.

*Burke* firmly established that an employment-related injury directly to both legs need not be found to support a finding of loss of industrial use. Any employment-related injury that is found to prevent the use of both legs in industry will satisfy the statutory requirement for disability benefits.[4] *Burke, supra,* at 114; 214 NW2d at 802. However, as the plain language of the statute mandates, the loss of use of both legs in industry must be "[p]ermanent and total".[5]

In the *Burke* decision the Court expressly approved this Court's opinion in *Lockwood v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970). *Lockwood* adopted, in turn, from *Hutsko v Chrysler Corp,* 381 Mich 99; 158 NW2d 874 (1968), the standard to measure for loss of industrial use. Loss of industrial use is functionally equivalent to actual physical loss, as by destruction or amputation. *Lockwood, supra,* at 607; 183 NW2d at 812.

In the case under review there was testimony that plaintiff was sufficiently mobile to work as a teacher for two years. Further, plaintiff testified that he has the requisite mobility to work as a substitute teacher and take accounting courses to enhance his opportunity for gainful employment. While the testimony establishes that ambulation has been made more difficult for plaintiff by his unfortunate accident, we conclude that the board's finding is supportable from the record and in

---

[3] Loss of industrial use is a question of fact. *Miller v Sullivan Milk Products, Inc,* 385 Mich 659; 189 NW2d 304 (1971).

[4] An exception arises where the injury is such that it affects all functions and activities of the body in more or less the same manner. *See Triplett v Chrysler Corp,* 394 Mich 518; 232 NW2d 168 (1975).

[5] MCLA 418.361(2)(g); MSA 17.237(361)(2)(g).

accord with the applicable legal principles. The plaintiff failed to establish that permanent and total loss of industrial use contemplated by the statute.

Affirmed.