RUSSELL v V. I. C. METAL PRODUCTS COMPANY

WORKMEN'S COMPENSATION—HAND INJURY—LOSS OF INDUSTRIAL USE
—AMPUTATION—PHYSICAL LOSS.

The test for determining loss of industrial use in a workmen's
compensation case involving the loss of a portion of a hand is
the degree of loss as compared with the actual physical loss by
destruction or amputation; loss of industrial use is functionally
equivalent to actual physical loss, as by destruction or amputa-
tion.

Appeal from Workmen's Compensation Appeal
Board. Submitted February 8, 1978, at Grand Rap-
ids. (Docket No. 77-2669.) Decided April 4, 1978.

Claim by David Russell against V. I. C. Metal
Products Company and American Mutual Liability
Company for workmen's compensation. Benefits
granted. The Workmen's Compensation Appeal
Board affirmed. Defendants' application for leave
to appeal to the Court of Appeals was denied.
Defendants filed an application for leave to appeal
to the Supreme Court and the Supreme Court
remanded the case to the Court of Appeals for
consideration, 400 Mich 842 (1977). On considera-
tion, remanded for further proceedings.

*Gillett & Carpenter,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells),* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 289, 344, 350.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

PER CURIAM. Plaintiff was employed by defendant, V. I. C. Metal Products Company, an automobile parts manufacturer, as a punch press or stamping press operator. He was injured on August 28, 1972, when the press accidentally came down on his left hand, amputating the little, ring and middle fingers and a portion of the palm. The middle finger was surgically reattached. Defendants voluntarily paid disability benefits for the specific loss of the two fingers. Plaintiff returned to work in March, 1973, and resumed his former job as press, shearer, and reamer operator.

On May 10, 1973, plaintiff filed a petition for specific loss and loss of industrial use of his left hand. Benefits for loss of industrial use were awarded.

Plaintiff continued working for the defendant until November 22, 1974, when it closed down its plant and laid off all the workers. On June 11, 1975, plaintiff filed a second petition which requested a determination of general disability and sought general disability benefits. After a hearing, plaintiff was found to be totally disabled and compensation was ordered to be paid beyond the specific loss period.

The Workmen's Compensation Appeal Board upheld the decision of the administrative law judge on the issue of specific loss of industrial use of the left hand and also the decision regarding total disability. The appeal board ordered compensation to be paid until the defendant could prove that plaintiff was employed or that suitable employment is available.

Defendants sought leave to appeal the board's decision to this Court, which was denied. Applica-

tion was then filed in the Michigan Supreme Court, which remanded the case to the Court of Appeals for consideration as on leave granted. *Russell v V I C Metal Products,* 400 Mich 842 (1977).

Defendants raise two issues on appeal, only one of which need be answered herein. This issue is whether the appeal board applied the correct legal standard in determining that plaintiff lost the industrial use of his left hand.

The test for determining loss of industrial use is the degree of loss as compared with the actual physical loss by destruction or amputation. *Hutsko v Chrysler Corp,* 381 Mich 99; 158 NW2d 874 (1968). Loss of industrial use is functionally equivalent to actual physical loss, as by destruction or amputation. *Pintar v Copper Range Mining Co,* 79 Mich App 518; 261 NW2d 69 (1977).

After reading the appeal board's opinion, we are not convinced that the above standard was used by the board in making its decision. Thus, we remand this case to the appeal board for a determination of whether the plaintiff suffered the loss of industrial use of his left hand in accordance with the *Hutsko* standard.

Remanded for proceedings not inconsistent with this opinion. No costs.