## PIPE v LEESE TOOL & DIE COMPANY

Docket No. 77-4817. Submitted January 4, 1979, at Grand Rapids.— Decided June 19, 1979. Leave to appeal applied for.

Plaintiff Frederick J. Pipe sustained an injury to his right hand while operating a press in the course of his employment with Leese Tool and Die Company. As a result of this injury the index and middle fingers were amputated and the remaining digits suffered stiffness and loss of flexibility. The plaintiff sought workmen's compensation benefits. A hearing referee found the plaintiff to have sustained the loss of the industrial use of his right hand. The Workmen's Compensation Appeal Board found the plaintiff to have no significant power grasp, some precision grasp, no significant pinch function and some hook and push function and concluded that this loss constituted the industrial loss of use of the right hand. The WCAB further found that the plaintiff continued to be partially disabled as to his skill as a die maker following April 30, 1974, the time when the 215-week period provided for receiving benefits for the industrial loss of use of the hand ended, and thus established the plaintiff's right to continuing benefits for partial disability. The WCAB then *sua sponte* applied the one-year-back provision of the workmen's compensation law, thereby limiting the plaintiff's recovery. The plaintiff appeals, by leave granted, that portion of the opinion applying *sua sponte* the one-year-back rule and Leese Tool and Die Company and Liberty Mutual Insurance Company cross-appeal on the finding of loss of industrial use of the hand. *Held:*

1. The employer and its insurer did not raise the one-year-back rule before the WCAB. The failure to raise this defense constitutes a waiver of the statute's protections and precludes the WCAB from raising it *sua sponte.*

2. The Appeal Board's findings of fact concerning the extent of the loss of function of the plaintiff's hand are supported by the record and are conclusive upon the Court of Appeals.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 382, 483-486, 605.

[2, 4] 82 Am Jur 2d, Workmen's Compensation §§ 616, 631.

[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 339, 350, 351.

However, the Appeal Board applied an erroneous legal standard in reaching the ultimate legal conclusion that the plaintiff had in fact suffered the loss of the industrial use of his hand. The finding that the plaintiff had suffered the loss of industrial use of his right hand is reversed.

Reversed and remanded.

1. Workmen's Compensation — One-Year-Back Rule — Waiver — Appeal Board — Statutes.

The one-year-back rule of the Worker's Disability Compensation Act provides that no compensation shall be ordered for any period which is more than one year prior to the date of filing an application for additional benefits; the failure of an injured employee's employer or the employer's workmen's compensation insurance carrier to raise this defense constitutes a waiver of the statute's protections and precludes the Workmen's Compensation Appeal Board from raising it *sua sponte* (MCL 418.833[1]; MSA 17.237[833][1]).

2. Workmen's Compensation — Appeal and Error — Appeal Board — Constitutional Law — Statutes.

The Court of Appeals, when reviewing a decision of the Workmen's Compensation Appeal Board, is bound by law to accept the Appeal Board's decision if the Appeal Board correctly understood the law and applied it to the findings of fact (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

3. Workmen's Compensation — Loss of Industrial Use of Limb — Total Incapacitating Loss — Test.

For there to be the loss of the industrial use of a limb or member, for purposes of the workmen's compensation law, there must be that total incapacitating loss of use which renders the organ or member industrially useless for any type of work, skilled or unskilled; the test is the degree of loss as compared with the actual physical loss by destruction or amputation, not the degree of loss measured by the requirements of the skill of the injured workman.

4. Workmen's Compensation — Workmen's Compensation Appeal Board — Appeal and Error — Loss of Industrial Use of Limb.

The Court of Appeals is not bound by a determination of the Workmen's Compensation Appeal Board regarding the loss of the industrial use of a limb or member where it is clear that the WCAB applied an erroneous legal standard in reaching its

ultimate legal conclusion that a plaintiff had in fact suffered
the loss of the industrial use of the limb or member.

*Reamon, Williams, Klukowski, Craft, Wood & Drew, P.C.,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff sustained an injury to his right hand while operating a press in the course of his employment with defendant Leese Tool and Die Company. Amputation of his index and middle fingers resulted, as well as stiffness and loss of flexibility in the remaining digits. After a hearing, the referee found plaintiff to have sustained the loss of industrial use of his right hand. After appeal to the Workmen's Compensation Appeal Board (WCAB), that board found plaintiff to have no significant power grasp, some precision grasp, no significant pinch function and some hook and push function. They concluded that this loss constituted the industrial loss of use of the right hand under the standards set forth in *Hutsko v Chrysler Corp,* 381 Mich 99; 158 NW2d 874 (1968). The WCAB further found plaintiff continued to remain partially disabled as to his skill as a die maker following April 30, 1974, the time when the 215-week period provided for receiving benefits for the industrial loss of use of his right hand ended, and thus established his right to continuing benefits for partial disability. The WCAB then *sua sponte* applied the one-year-back provision of MCL 418.833(1); MSA 17.237(833)(1) to limit plaintiff's recovery. Plaintiff appeals that portion of the WCAB's opinion applying *sua*

*sponte* the one-year back rule, and Leese Tool and Die Company and its insurer Liberty Mutual Insurance Company cross-appeal the finding of industrial loss of the right hand.

In this instance defendants did not raise the one-year-back rule, MCL 418.833; MSA 17.237(833), before the WCAB. Defendants' failure to raise this defense constitutes a waiver of the statute's protections and precludes the WCAB from raising it *sua sponte. Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978).

When reviewing a decision of the Workmen's Compensation Appeal Board this Court is bound by law to accept its decision if the Appeal Board correctly understood the law and applied it to the findings of fact. Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974), *Thornton v Luria-Dumes Co-Venture,* 347 Mich 160; 79 NW2d 457 (1956). In this instance the WCAB found that plaintiff had no significant power grasp, some precision grasp, no significant pinch function and some hook and push function in his hand. They then concluded that the loss incurred by plaintiff constituted the industrial loss of the right hand based upon the standards set in *Hutsko v Chrysler Corp, supra.* We find that the WCAB's findings of fact concerning the extent of plaintiff's loss of function in his hand are supported by the record and are conclusive upon this Court. The only question that remains is whether the WCAB correctly applied the appropriate governing law.

In 1968, the Michigan Supreme Court in *Hutsko v Chrysler Corp, supra,* indicated that in order for there to be the loss of the industrial use of a limb or member,

"[T]here must be that total incapacitating loss of use which renders the organ or member industrially useless for any type of work, skilled or unskilled. * * * The test is not the degree of loss measured by the requirements of the skill of the injured workman. The test is the degree of loss as compared with the actual physical loss by destruction or amputation." *Hutsko v Chrysler Corp, supra,* at 102-103.

This test has not been reversed or modified by the Supreme Court and has been consistently applied by this Court. See *Miller v Sullivan Milk Products, Inc,* 385 Mich 659, 666; 189 NW2d 304 (1971), *Russell v VIC Metal Products Co,* 82 Mich App 456, 458; 267 NW2d 141 (1978), *Pintar v Copper Range Mining Co,* 79 Mich App 518, 521; 261 NW2d 69 (1977), *Lewis v Detroit,* 58 Mich App 570, 573; 228 NW2d 467 (1975), *Lockwood v Continental Motors Corp,* 27 Mich App 597, 607; 183 NW2d 807 (1970), *lv den* 384 Mich 823 (1971).

The standard announced in *Hutsko, supra,* is easy to state but much more difficult to apply. The WCAB must determine what functions of the hand have been lost to the plaintiff and compare that loss to the loss of function that would have occurred had the hand actually been amputated. Only when the actual loss is the same as the hypothetical loss that would have occurred in the event of an amputation is the WCAB justified in concluding that there has been a compensable loss of industrial use of the hand. The *Hutsko* standard does not mandate that there be no finding that the loss of the industrial use of the hand has occurred when there remains some movable flesh and bone, as interpreted by board member Marshall. The decision whether an individual plaintiff has in fact suffered the loss of industrial use of a hand is always a question of fact which must be decided in

view of his retained functional ability. See *Miller v Sullivan Milk Products, Inc, supra,* at 666. This Court has found that there was no loss of industrial use of the hand when four fingers of a worker's hand were amputated leaving a palm and thumb, see *Lewis v Detroit, supra,* and has also found that the loss of a thumb and index finger did constitute the loss of industrial use of a hand. See *Chaffin v Grand Rapids Metalcraft,* 38 Mich App 200; 196 NW2d 20 (1972), *lv den* 387 Mich 776 (1972). We emphasize that each case was decided on its own particular facts and reflects the WCAB's factual determination concerning the degree of loss of the hand's functions suffered by an individual plaintiff.

The WCAB, after hearing the evidence presented before it, found that plaintiff retained some precision grasp and some hook and push function. This determination was based upon the testimony of Dr. Van't Hof who also testified that this retained precision grasp and hook and push, as well as retained sensation of the fingers, would not have been present had plaintiff's hand been amputated. In view of these findings the WCAB could not have applied the *Hutsko* standard, as it is properly interpreted, because it is clear that plaintiff retained some functions of the hand that would not have been present had the hand actually been amputated. Since it is clear that the WCAB applied an erroneous legal standard in reaching its ultimate legal conclusion that plaintiff had in fact suffered the loss of the industrial use of this hand, we are not bound by their determination and have the duty and authority to correct it. *DeGeer v DeGeer Farm Equipment, supra,* at 100. Accordingly that portion of the Workmen's Compensation Appeal Board's opinion and order of October 28,

1977, finding that plaintiff had suffered loss of industrial use of his right hand and ordering defendant to pay plaintiff compensation benefits for a 215-week period is reversed.

Remanded for entry of an order not inconsistent with this opinion.