PIWOWARSKI v DETROIT SULPHITE PULP & PAPER COMPANY

Docket No. 64010. Argued December 10, 1980 (Calendar No. 5).— Decided March 9, 1982.

Ignatius Piwowarski, who is now deceased and succeeded by his widow, plaintiff Albina Piwowarski, in 1970 claimed workers' compensation benefits against his former employer, Detroit Sulphite Pulp & Paper Company, its insurer, Liberty Mutual Insurance Company, and the Second Injury Fund for the loss of the industrial use of both hands as the result of an industrial accident in 1948 in which he lost his right hand and three fingers of his left hand. He had received specific-loss benefits for the injury. A hearing referee of the Bureau of Workers' Compensation denied the claim, deciding that the decedent had not suffered the loss of the industrial use of his left hand. The Workers' Compensation Appeal Board, *sua sponte,* applied the one-year-back rule to deny payment of benefits. The Court of Appeals, Bashara, P.J., and Bronson and Simon, JJ., in an unpublished per curiam opinion, reversed and remanded for review of the factual issue (Docket No. 31143). On remand, the Workers' Compensation Appeal Board awarded benefits for total and permanent disability. The Court of Appeals, D. E. Holbrook, Jr., P.J., and Allen and MacKenzie, JJ., denied leave to appeal and to cross-appeal (Docket Nos. 45118, 45520). The Second Injury Fund appeals, asserting that the one-year-back rule applies.

In an opinion per curiam by Justices Kavanagh, Williams, Levin, and Moody, the Supreme Court *held:*

An application for payment for the same category of disability is an application for "further compensation" within the meaning of the one-year-back rule; however, compensation for a second disability is not so limited. The petition in which the plaintiff's decedent requested benefits for total and permanent disability did not constitute an application for "further compensation" within the meaning of the one-year-back limitation

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 82 Am Jur 2d, Workmen's Compensation §§ 333, 344, 382, 605.

provision, because specific-loss benefits and total and permanent disability benefits are not for the same category of disability, but rather are for distinct categories of disability. It follows that the one-year-back rule does not limit the obligation of the Second Injury Fund to pay benefits for the total and permanent disability of the decedent. Accordingly, the award of benefits is affirmed in part and the matter is remanded to the Court of Appeals for resolution of another issue. Because of the holding on the one-year-back rule, it is unnecessary to consider the question of waiver of the defense.

Reversed.

Chief Justice Coleman, joined by Justices Fitzgerald and Ryan, dissented from that part of the opinion of the Court which held that the one-year-back rule does not apply. The basic categories of workers' compensation benefits are comprised of wage-loss and specific-loss benefits. Benefits for total and permanent disability are conditioned on a loss of, or a loss of the industrial use of, specified parts of the body and carry with them a conclusive presumption of disability. Therefore, such benefits are more analogous to specific-loss benefits than to wage-loss benefits. In this case the plaintiff does not claim that there was any further disability or development of the decedent's disability, and the hearing referee found that the decedent lost the use of his hands on the date of the original injury. Therefore, the one-year-back rule should be applied. The defendant Second Injury Fund did not waive the defense of the one-year-back rule by failing to assert it before the Workers' Compensation Appeal Board because the hearing referee never reached the issue but found that the decedent was not totally and permanently disabled. Until a determination is made that an employee is entitled to additional benefits there is no reason to raise the defense of the one-year-back rule.

### OPINION OF THE COURT

1. WORKERS' COMPENSATION — FURTHER COMPENSATION — ONE-YEAR-BACK RULE.

An application for workers' compensation benefits for the same category of disability is an application for "further compensation" subject to the one-year-back rule of the statute which limits the retroactive award of workers' compensation to the year immediately preceding the application for further compensation, but an application for compensation for a second disability is not so limited (MCL 418.833[1]; MSA 17.237[833][1]).

2. WORKERS' COMPENSATION — FURTHER COMPENSATION — ONE-YEAR-BACK RULE.

The one-year-back rule of the statute which limits the retroactive award of workers' compensation to the year immediately preceding an application for "further compensation" does not limit the obligation of the Second Injury Fund to pay benefits for total and permanent disability where the benefits previously paid were specific-loss benefits (MCL 418.833[1]; MSA 17.237[833][1]).

DISSENTING OPINION BY COLEMAN, C.J.

3. WORKERS' COMPENSATION — FURTHER COMPENSATION — ONE-YEAR-BACK RULE — TOTAL DISABILITY.

*The one-year-back rule of the statute which limits the retroactive award of workers' compensation to the year immediately preceding an application for further compensation limits the obligation of the Second Injury Fund to pay benefits for total and permanent disability where specific-loss benefits were previously paid for the same injury, loss of the use of hands, and the applicant did not suffer any further development of his disability (MCL 418.833[1]; MSA 17.237[833][1]).*

4. WORKERS' COMPENSATION — FURTHER COMPENSATION — ONE-YEAR-BACK RULE — WAIVER OF DEFENSES.

*Until a determination is made that an employee is entitled to additional benefits there is no reason to raise the defense of the one-year-back rule which limits the retroactive award of workers' compensation; therefore, the Second Injury Fund did not waive the defense of the one-year-back rule by failing to assert it before the Workers' Compensation Appeal Board where the hearing referee never reached the issue but found that the employee was not totally and permanently disabled (MCL 418.833[1]; MSA 17.237[833][1]).*

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Monica Farris Linkner)* for plaintiff.

*John R. Brown, P.C.,* for defendants Detroit Sulphite Pulp & Paper Company and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Morrison Zack,*

Assistant Attorney General, for defendant Second
Injury Fund.

PER CURIAM. The issue in this case is whether
the "one-year-back rule"[1] limits the obligation of
the Second Injury Fund[2] to pay this plaintiff bene-
fits for the total and permanent disability of her
decedent.[3] To decide this question, we must first
determine whether a request that benefits be paid
for total and permanent disability is a request for
"further compensation", where the benefits previ-
ously paid were specific-loss benefits.[4]

I

In late 1948, plaintiff's decedent lost his right
hand and three fingers of his left hand in an
industrial accident. He received specific-loss bene-
fits for his injuries. In 1970, he filed a petition

_____

[1] In 1948, when plaintiff's decedent was injured, the one-year-back
rule was found in 1948 CL 413.14; MSA 17.188. It read:

"If payment of compensation is made (other than medical expenses)
and an application for further compensation is later filed with the
commission, no compensation shall be awarded by the commission for
any period which is more than 1 year prior to the date of the filing of
such application."

The present formulation of the one-year-back rule is found in MCL
418.833(1); MSA 17.237(833)(1):

"If payment of compensation is made, other than medical expenses,
and an application for further compensation is later filed with the
bureau, no compensation shall be ordered for any period which is
more than 1 year prior to the date of filing of such application."

[2] See MCL 418.501(1) et seq.; MSA 17.237(501)(1) et seq.

[3] In our order granting leave to appeal, we directed the parties "to
include among the issues to be briefed the question of whether the
refusal to apply the provisions of MCL 418.833(1); MSA 17.237(833)(1),
the 'one-year-back rule', to the Second Injury Fund's liability for the
payment of accrued total and permanent disability benefits consti-
tutes reversible error". Piwowarski v Detroit Sulphite Pulp & Paper
Co, 408 Mich 958 (1980).

[4] For the provisions in effect at the time of the injury, see 1948 CL
412.10; MSA 17.160. The present provisions are found in MCL
418.361; MSA 17.237(361).

claiming total and permanent disability as a result of the loss, in the 1948 accident, of the industrial use of both hands.

After the hearing referee decided that plaintiff's decedent had not suffered the loss of the industrial use of his left hand, the case was taken to the Workers' Compensation Appeal Board. The WCAB chose not to decide the factual issue of industrial use; instead, it *sua sponte* applied the one-year-back rule to deny payment of benefits for total and permanent disability. The Court of Appeals reversed and remanded, however, citing *Kleinschrodt v General Motors Corp,* 402 Mich 381, 384; 263 NW2d 246 (1978), in which we had said,

"We are of the opinion that the one-year-back provision is a defense, akin to the statute of limitations, which can be waived. It is not jurisdictional."

On remand, the WCAB reversed the referee and found that plaintiff's decedent had lost the industrial use of both hands. Benefits for total and permanent disability were awarded. The Court of Appeals denied the Second Injury Fund's application for leave to appeal and the plaintiff's delayed application for leave to cross-appeal. We subsequently granted leave to appeal.

In its brief to this Court, appellant fund now concedes that plaintiff's decedent suffered the loss of the industrial use of both hands in the 1948 accident. We are asked, though, to deny total and permanent disability benefits for plaintiff's decedent on the authority of the one-year-back rule.

II

In *Martin v Somberg-Berlin Metals Co,* 407 Mich 737, 740-742; 288 NW2d 574 (1980), we explained,

"The argument of the Second Injury Fund in essence

is that the one-year-back rule admits of no exceptions and consequently *every* claim for compensation after compensation has once been paid is an application for 'further compensation' subject to the rule.

"While it may be literally true that once a worker has received compensation any compensation paid to that worker thereafter may be termed 'further compensation' that phrase in the one-year-back rule has not been so read over the years.

"In *Morgan v Lloyds Builders, Inc,* 344 Mich 524; 73 NW2d 880 (1955), the Court said:

" 'We find that the petition entitled, "application for hearing and adjustment of claim," filed by the plaintiff dated July 28, 1953, is not a petition for further compensation for loss of time or employment, but is a petition for loss of vision in the right eye. Without any deduction for the compensation heretofore paid for loss of time or employment, plaintiff is entitled to receive compensation for specific loss of eye, according to [MCL 412.10; MSA 17.160] of $26 per week, for a total of 150 weeks from May 9, 1951.' *Id.,* 528-529,

"and refused to apply the one-year-back rule.

"The WCAB has correctly regarded *Morgan* as authority for distinguishing among 'categories' of disability in determining whether an application is for 'further compensation' within the rule.

"Resumption of payment for the same category of disability results in 'further compensation' subject to the one-year-back rule. *Lynch v Briggs Manufacturing Co,* 329 Mich 168; 45 NW2d 20 (1950).

"If compensation is paid for a particular disability (general on account of back injury) and subsequently another disability is determined (total and permanent on account of loss of industrial use of legs) compensation for the second disability is not 'further compensation' subject to the one-year-back rule but is a separate 'category' not so limited. *Morgan, supra.*

"In this case no compensation has been paid for the 'total and permanent' disability resulting from the loss of industrial use of claimant's legs and hence the award of differential benefits is not 'further compensation' subject to the one-year-back rule." (Emphasis in original.)

The petition in which plaintiff's decedent requested total and permanent disability benefits did not constitute an application for "further compensation" within the meaning of the one-year-back provision. Specific-loss benefits and total and permanent disability benefits are not for the "same category of disability" but rather are for distinct categories of disability. It follows from *Martin* that the one-year-back rule does not limit the obligation of the Second Injury Fund to pay this plaintiff benefits for the total and permanent disability of her decedent.

In light of this holding, it is unnecessary for us to determine whether the fund's failure to assert the one-year-back rule defense at its first opportunity constitutes a permanent waiver of that defense.

Accordingly, we affirm, in part, the award of the WCAB and, for resolution of another issue framed by the fund,[5] we remand the matter to the Court of Appeals for consideration as on leave to appeal granted.

KAVANAGH, WILLIAMS, LEVIN, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J. *(dissenting).* In 1948, plaintiff's decedent lost his right hand and three fingers of his left hand in an industrial accident. He received specific-loss benefits for his injuries. In 1970, he filed a petition for total and permanent disability benefits based on the loss of the use of both hands

[5] "Under the provisions of MCL 412.10; MSA 17.160, as amended by 1956 PA 195, effective August 1, 1956, and MCL 412.9; MSA 17.159, does the Court of Appeals failure to correct the appeal board's order imposing on the Second Injury Fund 350 weeks of the employer's liability for basic compensation and failure to limit the fund's liability for differential benefits to August 1, 1956 constitute error and require modification?"

resulting from the 1948 injury, but alleging no further development of the injury.

The hearing referee found that plaintiff's husband had not established the loss of the use of both hands. On appeal, the Workers' Compensation Appeal Board (WCAB) affirmed the denial of benefits, holding *sua sponte* that MCL 418.833(1); MSA 17.237(833)(1)[1] limited its authority to award benefits in this case. The Court of Appeals reversed and remanded, holding that the WCAB erred in raising the one-year-back rule *sua sponte,* see *Kleinschrodt v General Motors Corp,* 402 Mich 381; 263 NW2d 246 (1978).

On remand, the WCAB found that plaintiff's husband lost the industrial use of his hands in 1948 and awarded total and permanent disability benefits. The Court of Appeals denied leave to appeal. On June 20, 1980, this Court granted the Second Injury Fund's application for leave to appeal.

The per curiam would affirm the WCAB's decision that the limitations contained in MCL 418.833(1); MSA 17.237(833)(1) did not preclude the award of total and permanent disability benefits in this case. The Court also remands the case to the Court of Appeals to consider another issue raised by appellant.

I am writing separately to express my disagreement with that part of the opinion which holds

---

[1] MCL 418.833; MSA 17.237(833) provides:

"(1) If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application.

"(2) When an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action."

that the one-year-back rule does not apply in this case.

## I

In *Martin v Somberg-Berlin Metals Co,* 407 Mich 737; 288 NW2d 574 (1980), this Court considered the scope of the one-year-back rule. In *Martin,* plaintiff received wage-loss benefits for a back injury and later filed a claim for total and permanent disability benefits based on subsequent loss of industrial use of his legs. Apparently finding a *further development* of plaintiff's injury,[2] the hearing referee declined to apply the one-year-back rule. This Court affirmed that determination saying:

"If compensation is paid for a particular disability (general on account of back injury) and subsequently another disability is determined (total and permanent on account of loss of industrial use of legs) compensation for the second disability *is not 'further compensation' subject to the one-year-back rule but is a separate 'category' not so limited."* (Emphasis added.)

This language in the *Martin* opinion suggests that the primary focus is upon whether an injured worker's latter claim for benefits is based on a disability in the same or a different category vis-à-vis the earlier claim. No definition of categories is expressly given in the opinion. Although wage-loss benefits are described as being in a category different from total and permanent disability benefits,

---

[2] In *Martin v Somberg-Berlin Metals Co,* 407 Mich 737; 288 NW2d 574 (1980), the plaintiff was injured in 1963. He asserted the condition had worsened and the hearing referee determined that plaintiff became totally and permanently disabled in August of 1965. Thus, even though the opinion does not expressly state that plaintiff suffered a further development of his original injury, a review of the underlying facts indicates he did suffer a further development.

*Martin* does not address the issue of whether specific-loss and total and permanent disability benefits are in the same or a different category for the purpose of the one-year-back rule; nor do any of the cases cited in *Martin.* Furthermore, none of the cases cited by the parties or uncovered by this author's research answers the question of whether these benefits are in the same or a different category for the purpose of the one-year-back rule.

However, in *Hutsko v Chrysler Corp,* 381 Mich 99, 102; 158 NW2d 874 (1968), this Court explained the differences between wage-loss disability benefits and specific-loss benefits saying,

"Michigan has 2 types of workmen's compensation benefits, wage loss disability payments and specific or schedule loss payments. The first type is dependent upon proof of a wage loss resulting from an industrial injury. It is a differential payment computed on what wage the injured workman is able to earn after his injury and the wage he was earning at the time he was injured. If there is no difference he receives no benefits. The second type is a specific loss benefit paid under a schedule of losses applicable to certain designated organs or anatomical members. To this benefit the injured workman is entitled during the period provided in the schedule, irrespective of any wages he receives whether greater or less than those he received at the time of his injury."

I conclude that these two basic types of benefits, wage-loss and specific-loss, comprise the basic categories of benefits referred to in *Martin.* Furthermore, in light of *Hutsko, supra,* total and permanent disability payments are more analogous to specific-loss benefits than wage-loss benefits. We recognize that total and permanent disability benefits include features found in both wage-loss and specific-loss benefits. However, given (1) that such

benefits are conditioned upon a loss of or loss of use of specified body members, see MCL 418.361(2); MSA 17.237(361)(2), and (2) that such benefits carry with them a conclusive presumption of disability, see MCL 418.351(1); MSA 17.237(351)(1), I would conclude that such benefits are in the same category as specific-loss benefits for the purposes of the one-year-back rule.

Importantly in this case, plaintiff's decedent did not claim that any further disability or development of his disability occurred which may have excepted him from the one-year-back rule. The hearing referee determined that he lost the use of his hands on the day of his original injury.

Because plaintiff's husband's second application for benefits was based on a disability in the same category as his earlier application,[3] and he did not suffer any further development of his disability, the one-year-back rule should be applicable to this situation.

## II

Plaintiff responds by arguing that even if that is the case, defendants waived the one-year-back rule defense by not raising it before the WCAB. In *Kleinschrodt, supra,* upon which plaintiff relies, plaintiff was awarded benefits by the hearing referee. Defendant appealed to the WCAB, raising the single issue of whether plaintiff had lost the industrial use of his hand. Under these circum-

[3] Although no one expressly raises the issue, the one-year-back rule would apply to preclude the WCAB from awarding further specific-loss benefits for the loss of plaintiff's husband's left hand. He had already received specific-loss benefits for the loss of three fingers on that hand. His later petition for specific-loss benefits for the loss of his hand was for benefits in the same category as those claimed in his earlier petition. No further development of the disability occurred. Following *Martin, supra,* these benefits should have been denied.

stances, the Court held that defendant waived the "one-year-back" rule by not asserting it before the WCAB in its appeal.

In the instant case, the hearing referee found that plaintiff's husband was not totally and permanently disabled and denied benefits. Plaintiff appealed to the WCAB raising the single issue of whether he had lost the industrial use of his hands. Under these circumstances, *the defendant could not have appealed the hearing referee's ruling on the one-year-back rule because the hearing referee never passed on that issue but found that plaintiff's husband was not totally and permanently disabled.*

Until a determination is made that an employee is entitled to additional benefits, there is no reason for the defendant to raise this issue. No authority is cited requiring that this defense be raised in a void in the first responsive pleading or be waived, compare GCR 1963, 116.2.[4] Accordingly, under the circumstances of the instant case, I would hold that defendant did not waive the one-year-back rule defense by failing to assert it before the WCAB during plaintiff's appeal. It is a costly mistake to extend the holding in *Kleinschrodt* beyond the facts presented in that case.[5]

In conclusion, I would hold that plaintiff's second application for benefits based on total and

[4] GCR 1963, 116.2 provides:
"The defense of lack of jurisdiction over the person or property is waived unless made in the responsive pleading or motion first filed. * * *"

[5] Note that I dissented in *Kleinschrodt* (RYAN, J., *concurring),* and would have adhered to the rule of law applied in *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959). However, this case is distinguishable from *Kleinschrodt.*

permanent disability was in the same category and for the same injuries as the specific injuries suffered in 1948 and duly compensated and I would affirm the WCAB holding that the one-year-back rule applies.

FITZGERALD and RYAN, JJ., concurred with COLEMAN, C.J.